**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

DONNIE DAVIS,

    Plaintiff,                        CASE NO. 07-CV-10115

v.                                      DISTRICT JUDGE DENISE PAGE HOOD
                                        MAGISTRATE JUDGE CHARLES BINDER

PATRICIA CARUSO, JAN
TROMBLEY, CRAIG HUTCHINSON,
Dr., TERRY MALLOY, MICHELLE
HORTON, JAN GOLDBERGER, Dr.,
HOWARD TYREE, P.A., S. McCAULEY,
JOYCE WEIPPERT, DEBORA BEEKER,
JIM SULLIVAN, CAROLYN LAZAROWICZ,
JEFFREY McCREADIE, ELIZABETH
LEVINE, and JOHN DOE

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS HUTCHINSON, GOLDBERGER, AND TYREE'S MOTION TO
DISMISS PURSUANT TO F.R.C.P. 12(b)(6) & 42 U.S.C. § 1997e and DEFENDANTS
McCAULEY, WEIPPERT, BEEKER, SULLIVAN, LAZAROWIVZ, McCREADIE,
LEVINE, CARUSO, TROMBLEY, MALLOY, AND HORTON'S MOTION FOR
SUMMARYJUDGMENT**
(Dkts. 33, 35)

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motions

be **GRANTED** and the case dismissed**.**

**II.     REPORT**

    **A.     Introduction**

This *pro se* civil rights case brought under 42 U.S.C. § 1983 was referred by United States

District Judge Denise Page Hood for general case management on February 26, 2007. (Dkt. 13.)

Plaintiff Donnie Davis is currently incarcerated by the Michigan Department of Corrections

("MDOC") at its Boyer Road Correctional Facility in Carson City, Michigan. The events underlying the instant complaint (Dkt. 1,) occurred while Plaintiff was incarcerated at the Saginaw Correctional Facility ("SRF") in Freeland, Michigan. (*Id.* ¶ 1.) Defendants Hutchinson, Goldberger, and Tyree filed a motion to dismiss (Dkt. 33), Defendants McCauley, Weippert, Beeker, Sullivan, Lazarowicz, McCreadie, Levine, Caruso, Trombley, Malloy, and Horton filed a motion for summary judgment. (Dkt. 35.) Plaintiff has responded to both motions (Dkt. 62, 67, 68,) and Defendants have replied. (Dkt. 66, 69.) Upon review of the documents, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), these motions are ready for Report and Recommendation on the pleadings without oral argument.

**B.     The Complaint**

Plaintiff states that while incarcerated at SRF, Defendants failed "to address an on going skin condition and [] fail[ed] to follow the instructions of [Plaintiff's] physician SRF-2006-03-00403-12e1." (Compl., Dkt. 1 ¶ 12.) Although Plaintiff "originally signed off that grievance," he reiterated the unresolved problem in grievance SRF-2006-05-0651-12B1. (*Id.* ¶ 13.) On June 28, 2006, Plaintiff injured his finger in a basketball game but was not seen until June 30, 2006, by Defendants McCreadie and Goldberger. (*Id.* ¶ 14.) Plaintiff's finger was not x-rayed until July 11, 2006, "because the Facility Equipment was not functioning." (*Id.* ¶ 17.) Plaintiff requested prescription pain medication several times but was told to purchase pain medication from the prisoner store, which he alleges he could not afford, until he was prescribed Motrin on July 24, 2006. (*Id.* ¶¶ 18, 19, Ex. C.) An x-ray was taken of Plaintiff's hand on July 21, 2006, which revealed a fracture. (*Id.* ¶ 21.) The "doctors at the hospital applied a Cast/And Ordered Tylenol For Pain." (*Id.* ¶ 21.) Plaintiff avers that pain medication which was ordered was not given to him (*Id.* ¶ 22) until, by his own averments, he was given Motrin on July 24, 2006, three days later. (*Id.*

2

¶ 19.) On August 2, 2006, Defendant Goldberger removed the cast despite Plaintiff's objection based on the information he was given by the original doctor that the cast should stay on for six weeks. (*Id.* ¶ 23.) Plaintiff complains that another cast was "erroneously" applied that same day. (*Id.* ¶ 24.) Plaintiff continued to have pain that was not resolved. (*Id.* ¶¶25-28.) Plaintiff also alleges that he was not seen by an orthopedic specialist as requested but then, on October 2, 2006, avers that he filed a grievance complaining that he was not given physical therapy ordered by the orthopedic specialist. (*Id.* ¶ 33, 38.) He did see an orthopedic specialist on August 25, 2006 (*Id.*, Ex. D-3,), but complains that he received "only one session of physical therapy" which the specialist recommended. (*Id.* ¶ 38.)

On September 13, 2006, Plaintiff filed a grievance complaining that he was "denied treatment for an ongoing skin condition that was previously diagnosed and treatment ordered." (*Id.* ¶ 34.) It appears that Plaintiff's rash or skin irritation had been reported to prison authorities since May of 2006. (Dkt. 1, Ex. B.) By June 19, 2006, a biopsy had been performed revealing asymptomatic chronic dermatitis that called for conservative treatment, i.e., warm rather than hot water, increase fluids, and limiting harsh soaps. (*Id.*, Ex. B-5.)

Plaintiff filed many grievances complaining of lack of medical care. (*Id., e.g.,* ¶¶ 35-37, 39-43.) According to the grievances attached to Plaintiff's Complaint, Plaintiff was seen by medical personnel in March of 2006 (*Id.,* Ex. A, B-1,) May of 2006 (*Id.*, Ex. B-1,) June of 2006 (*Id.*, Ex. B-5, B (unnumbered,) twice in July of 2006 (*Id.*, Ex. B,) four times in August of 2006 (*Id.,*) including an orthopedic specialist (*Id.*, Ex. D-3,) twice by a dermatologist in September and October of 2006 where prescriptions and lotions were provided (*Id.,*) and twice in December of 2006. (*Id.*)

3

Plaintiff states that "allegations claiming retaliation are supported by all the facts asserted in this complaint." (*Id.* ¶ 45.) Plaintiff admits that he "has not yet exhausted his remedies concerning the grievance claims in Exhibits D-N, ¶¶ 29-41, [but that] he has included those facts to assist in establishing the complete indifference of SRF Medical Staff to address all of his medical needs and the continued retaliation against him for exercising his First Amendment right to submit grievances." (*Id.* ¶ 45.)

Plaintiff contends that the above actions or omissions violate his "Fourteenth Amendment Right to equal protection when Defendant's did not provide him the same efficient medical assistance provided to other SRF prisoners" (*Id.* ¶ 48,) constitute unlawful retaliation for his exercise of his First Amendment rights (*Id.* ¶50) and violate his Eighth Amendment right to be free from cruel and unusual punishment by their deliberate indifference. (*Id.* ¶ 47.)

Plaintiff seeks relief in the forms of a declaratory judgment, an injunction, compensatory and punitive damages, costs, and any other relief the court deems just. (*Id.*)

### C. Summary of Defendants' Motions

All Defendants contend that Plaintiff has failed to exhaust administrative remedies. (Dkt. 33 at 5-11; Dkt. 35 at 16-18.) All Defendants further contend that Plaintiff has failed to state a claim for retaliation. (Dkt. 33 at 11-13; Dkt. 35 at 12-14.) Finally, all Defendants contend that Plaintiff has failed to state a claim for deliberate indifference of a serious medical need. (Dkt. 33 at 13-14; Dkt. 35 at 7-11.)

Defendants Caruso, Trombley, Malloy, Horton, and McCauley argue that they should be dismissed because were not personally involved in any of the actions that form the basis for the complaint. (Dkt. 35 at 5-7.) Defendants McCauley, Weippert, Beeker, Sullivan, Lazarowicz, McCreadie, Levine, Caruso, Trombley, Malloy, and Horton argue that they are entitled to qualified

4

immunity. (Dkt. 35 at 14-15.) Finally, Defendants Caruso, Trombley, Malloy, McCauley, Weippert, Beeker, Sullivan, Lazarowicz, Levine, and McCreadie note that they were all sued in their official and individual capacities and that any official capacity suit is barred by the Eleventh Amendment. (Dkt. 35 at 18-19.)

**D.   Motion Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a case where the complaint fails to state a claim upon which relief can be granted. Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).[1] *Twombly* did not change the notion that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint." *Erickson v. Pardus*, ___U.S.___, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted) (emphasis added).

---

[1] Although one district court in the Sixth Circuit has restricted *Twombly*'s application to antitrust conspiracy cases, the majority have not. *Weisbarth v. Geauga Park Dist.,* __F.3d___, 2007 WL 2403659, No. 06-4189 (6th Cir. Aug. 24, 2007) (declining to resolve scope of *Twombly* decision because not necessary to do so).

5

This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Thus, the documents that are central to the complaint and are attached to the instant motions may be referred to without converting the motions to summary judgment motions. In this Report, reference is made to the grievance documentation attached to Plaintiff's complaint and Defendants' motion. (Dkt. 35.) They will be considered part of the pleadings under *Nieman* and *Weiner*, *supra*.

    E.    **Analysis and Conclusion**

    1.    **Eighth Amendment - deliberate indifference**

The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the Constitution. The Court explained that "[t]his conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id*. at 105.

The standard for deliberate indifference is two-pronged, consisting of both a subjective and an objective element. *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271, 279 (1991). In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994); *Stewart v. Love*, 796 F.2d 43, 44 (6th Cir. 1982), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337,

347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)). Thus, mere inadequate medical treatment is not sufficient to state a violation of the Eighth Amendment. In *Estelle,* the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. **Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.** In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (emphasis added) (quotations omitted).

As recognized in *Estelle*, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* In addition, where a plaintiff claims that delay in medical treatment violated the Eighth Amendment, he must "'place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'" *Napier v. Madison Co., Ky.,* 238 F.3d 739, 742 (6th Cir. 2001), quoting *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994).

In this case, Plaintiff not only received "some" medical attention, but numerous appointments with nurses, doctors, and orthopedic and dermatology specialists. (Dkt. 1, Ex. A, B-1, Ex. B-5, Ex. B (unnumbered), Ex. D-3). "Medical records showing sick calls, examinations,

diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Guess v. Holloman*, No. Civ.A.05-CV-273-JBC, 2005 WL 1972589, *2 (E.D. Ky., Aug. 15, 2005). I suggest that the records in the instant case rebut any allegation of deliberate indifference.

I suggest that Plaintiff's disagreement with the type of medical care given is insufficient to state a claim of constitutional magnitude. Plaintiff avers that the medical care given with respect to his ongoing rash or dermatitis was constitutionally infirm because his condition was not cured by the conservative treatment ordered after a biopsy had been performed by the dermatologist and he continued to suffer from uncontrollable itching. (Dkt. 1, ¶ 34, Ex. B.) A failure to cure a condition alleges, at most, negligence, and fails to state an Eighth Amendment claim. *Webster v. Simpson*, 25 Fed. Appx. 452, 2001 WL 1580243, *1 (6th Cir. Dec. 7, 2001); *Estelle, supra; Westlake, supra*.

Plaintiff further alleges that he disagreed with Defendant Goldberger regarding removal and replacement of the original cast on August 2, 2006, and that he requested an appointment with an orthopedic specialist sometime thereafter. (Dkt. 1, ¶¶ 23, 24, 38.) Plaintiff was seen by an orthopedic specialist on August 25, 2006, and received some, although not as much as Plaintiff desired, physical therapy. (*Id.*, Ex. D-3, ¶ 38.) I suggest that Plaintiff received ample attention and treatment for his injury and even if his visit to the specialist could be considered delayed, he has failed to allege facts revealing a deliberate indifference on the part of any Defendant. *Abu-Fakher v. Bode*, 175 Fed. Appx. 179, 183-84 (10th Cir. 2006)(where plaintiff "did not agree with the treatment he was receiving and wanted to see a private specialist is not sufficient to show that [defendants] were (1) 'aware of facts from which the inference could be drawn that a substantial risk of serious harm...(2) had drawn that inference, and (3) had been deliberately indifferent to it" in failing to diagnose and treat broken finger for several weeks).

Plaintiff complains of delays but was seen by Defendants McCreadie and Goldberger within 48 hours of his basketball injury, his finger/hand was x-rayed within three weeks during which time he received the prescription pain medicine he desired, and a cast was applied to his hand on the day it was x-rayed. (Dkt. 1, ¶¶ 14, 17, 19-21.) Plaintiff concedes that the delay in his finger being x-rayed was due to equipment malfunction rather than any animus on the part of any Defendant. (*Id.* ¶ 17.) I suggest that any alleged initial delays in diagnosing or treating the fractured finger or prescribing pain medication (beyond the medicine available over the counter) fail to reveal deliberate indifference. *O'Bryan v. Federal Bureau of Prisons*, No. 6:07-76-DCR, 2007 WL 2571906, *13 (E.D. Ky. Sept. 4, 2007)(finding five-month delay between broken wrist injury and consultation with surgeon did not show deliberate indifference); *Liefsting v. Bokhari*, No. 05-0703, 2006 WL 1193176, *3 (May 3, 2006)(finding two-month delay in medical treatment for broken foot despite "sick-call-slips" did not allege deliberate indifference); *Jackson v. Runnels*, No. 5-02-2756, 2005 WL 1712268, *4-5 (E.D. Cal. July 18, 2005)(holding that doctor was not deliberately indifferent when he initially prescribed ibuprofen for a foot injury and waited a month to see the prisoner again at which time he diagnosed the injury as a broken foot); *Guess, supra*, *2, citing *Rodriguez v. Ames*, 224 F. Supp. 2d 555, 561-63 (W.D. N.Y. 2002)("Neither a one-week delay in scheduling an appointment to see a specialist nor a 15-day delay in sending an inmate to an emergency room for treatment of a broken hand constitutes Eight Amendment deliberate indifference"). I further suggest that any complaint with respect to delay in treatment must fail because Plaintiff has not averred how any delay detrimentally effected him. *Napier, supra.*

Accordingly, I suggest that Plaintiff has failed to state an Eighth Amendment claim against any Defendant, that Defendants' motion to dismiss (Dkt. 33) should be granted and this claim dismissed.[2]

## 2. First Amendment - retaliation; Fourteenth Amendment - equal protection

Plaintiff avers that "allegations claiming retaliation are supported by all the facts asserted in this complaint" and that medical staff's failure to address his needs shows "continued retaliation against him for exercising his First Amendment right to submit grievances." (*Id.* ¶ 45.) A First Amendment retaliation claim consists of the following elements: (1) the plaintiff was engaged in a constitutionally protected conduct; (2) the defendant's adverse action would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection between elements one and two, i.e., the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999)(en banc); *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004). However, conclusory allegations of retaliatory motive unsupported by any specific factual foundation are insufficient to state a claim under § 1983. See, *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *Pack v. Martin*, 174 Fed. Appx. 256, 259, 2006 WL 772903, *2 (6th Cir. Mar. 27, 2006); *McMillan v. Fleming*, 136 Fed. Appx. 818, 820-21, 2005 WL 1389523, *2 (6th Cir. June 7, 2005). Since Plaintiff's complaint states only the bald conclusion that the entire complaint reveals retaliation, I suggest that it lacks any factual demarcation and should be dismissed. *Harbin-Bey, supra.*

---

[2]Since I suggest that Plaintiff has failed to state a claim, I further suggest that this claim cannot survive summary judgment and thus, recommend that Defendants' motion for summary judgment (Dkt. 35) also be granted.

Similarly, to the extent that Plaintiff has alleged an equal protection violation under the Fourteenth Amendment, his conclusory statement that "Defendants did not provide him the same efficient medical assistance provided to other SRF prisoners" (*Id.* ¶ 48,) is insufficient to state a claim. *Garrison v. Corr*, 26 Fed. Appx. 410, 412, 2001 WL 1557424, *2 (6th Cir. Dec. 4, 2001)(plaintiff "presented no proof beyond his conclusory allegations that other prisoners or other groups were treated more favorably than he"), citing *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

### F. Conclusion

For the reasons stated above, I suggest that Plaintiff has failed to state a claim for which relief can be granted and therefore suggest that Defendants' motions to dismiss (Dkt 33) and Defendants' motion for summary judgment (Dkt 35) be granted and the case dismissed in its entirety.

I note that because of my proposed resolution, I have not addressed the following potentially meritorious contentions: (1) by Defendants Caruso, Trombley, Malloy, Horton, and McCauley that the complaint does not allege any personal involvement on their part; (2) by Defendants McCauley, Weippert, Beeker, Sullivan, Lazarowicz, McCreadie, Levine, Caruso, Trombley, Malloy, and Horton, that they are entitled to qualified immunity; and (3) by Defendants Caruso, Trombley, Malloy, McCauley, Weippert, Beeker, Sullivan, Lazarowicz, Levine, and McCreadie that the official capacity suits against them should be dismissed; (4) by all Defendants that plaintiff has failed to exhaust administrative remedies.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure

11

to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                          s/ *Charles E. Binder*
                                          CHARLES E. BINDER
Dated: December 28, 2007                United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Julia R. Bell, Ronald W. Chapman, Carly A. Van Thomme, served on Donnie Davis by first class mail, and on U.S. District Judge Denise Page Hood in the traditional manner.

Date: December 28, 2007         By    s/Patricia T. Morris
                                                    Law Clerk to Magistrate Judge Binder