UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNIE DAVIS,

    Plaintiff,

v.

Case No: 07-10115

HONORABLE DENISE PAGE HOOD

PATRICIA CARUSO, JAN
TROMBLEY, CRAIG HUTCHINSON,
Dr., TERRY MALLOY, MICHELLE
HORTON, JAN GOLDBERGER, Dr.,
HOWARD TYREE, P.A., S. McCAULEY,
JOYCE WEIPPERT, DEBORA BEEKER,
JIM SULLIVAN, CAROLYN LAZAROWICZ,
JEFFREY McCREADIE, ELIZABETH
LEVINE, and JOHN DOE

    Defendants.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATIONS

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Charles Binder's Report and Recommendation [Docket No. 76] filed December 28, 2007. Plaintiff filed his Objection to the Report and Recommendation January 28, 2008. [Docket No. 77]. Defendants filed a Response to Plaintiff's Objection to the Report and Recommendation on January 31, 2008. [Docket No. 78]. Magistrate Judge Binder recommends that Defendants' Motion to Dismiss and Motion for Summary Judgment [Docket Nos. 33 and 35] be granted, and the case be dismissed.

**II.    STANDARD OF REVIEW**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. §636. This Court "shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636 (B)(1)(c). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

## III. ANALYSIS

Plaintiff Donnie Davis is currently incarcerated by the Michigan Department of Corrections (MDOC) at its Boyer Road Correctional Facility in Carson City, Michigan. Plaintiff alleges that Defendants failed "to address an on going skin condition and fail[ed] to follow the instructions of physician SRF-2006-03-00403-12e1." (Compl., Dkt. 1 ¶ 12.) Plaintiff filed many grievances complaining of lack of medical care, however, Plaintiff was seen, by his own submission, by medical personnel in March of 2006 (*Id.,* Ex. A, B-1,) May of 2006 (*Id.*, Ex. B-1,) June of 2006 (*Id.*, Ex. B-5) twice: in July of 2006 (*Id.,* Ex. B); Four times in August of 2006 (*Id.,*) including an orthopedic specialist (*Id.*, Ex. D-3); twice by a dermatologist in September and October of 2006 where prescriptions and lotions were provided (*Id.*); and twice in December of 2006 (*Id.*)

Plaintiff admits that he "has not yet exhausted his remedies concerning the grievance claims in Exhibits D-N, ¶¶ 29-41, [but that] he has included those facts to assist in establishing the complete indifference of SRF Medical State to address all of his medical needs and the continued retaliation against him for exercising his First Amendment right to submit grievances." (*Id.* ¶ 45.) Plaintiff contends that the lack of medical care he received violates his "Fourteenth Amendment Right to equal protection when Defendant's did not provide him the same efficient medical assistance provided to other SRF prisoners" (*Id.* ¶ 48) constitutes unlawful retaliation for his exercise of his First Amendment rights (*Id.* ¶ 50) and violates his

Eight Amendment right to be free from cruel and unusual punishment by their deliberate indifference. (*Id.* ¶ 47.)

All Defendants contend that Plaintiff has failed to exhaust his administrative remedies, has also failed to state a claim for retaliation, and has failed to state a claim for deliberate indifference to a serious medical need.

Magistrate Judge Binder states:

Plaintiff not only received "some" medical attention, but numerous appointments with nurses, doctors, and orthopedic and dermatology specialists. (Docket. 1, Ex. A, B-1, Ex. B-5, Ex. B (unnumbered), Ex. D-3). "Medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Guess v. Holloman*, No. Civ.A.05-CV-273-JBC, 2005 WL 1972589, *2 (E.D. Ky., Aug. 15, 2005).

*See* Report and Recommendation, p. 7. This Court agrees that Plaintiff appears to have received the requisite medical care needed, and that Plaintiff's mere disagreement with the type of medical care given does not give rise to a claim of constitutional magnitude. Plaintiff's complaint, in its essence, appears to claim that the treatment given to him was constitutionally infirm because his condition was not cured. This Court agrees that a failure to cure a condition alleges, at most, negligence, and fails to state an Eight Amendment claim. See *Webster v. Simpson*, 25 Fed. Appx. 452, 2001 WL 1580243, *1 (6th Cir. Dec. 7, 2001).

Magistrate Judge Binder did not reach the issue of whether Plaintiff has exhausted his remedies before filing his case, as it was not necessary to reach his recommendation to dismiss the case. Similarly, this Court finds that the issue of exhaustion is not consequential, as the Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff filed an untimely Objection to the Report and Recommendation [Docket No. 77], filed on January 29, 2008, which was due on January 14, 2008. Aside from the untimeliness of the

objection, Plaintiff does not raise specific objections to the Report and Recommendation, as required by Fed. R. Civ. P. 72(b), and merely rehashes his arguments. As such, Plaintiff's Objection to the Report and Recommendation is DENIED.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Binder, filed December 28, 2007 **[Docket No. 76]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss **[Docket No. 33, filed April 5, 2007]** is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 35, filed April 9, 2007]** is MOOT,.

IT IS FURTHER ORDERED that Plaintiff's Objection to the Report and Recommendation **[Docket No. 77, filed January 28, 2007]** is DENIED.

IT IS FURTHER ORDERED that this matter is DISMISSED with prejudice.

                                                 s/ DENISE PAGE HOOD
                                                 DENISE PAGE HOOD
                                                 United States District Judge

DATED: February 25, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Donnie Davis, Reg. No. 180546, Boyer Road Correctional Facility, 10274 Boyer Rd., Carson City, MI 48811 on February 25, 2008, by electronic and/or ordinary mail.

                                                 S/William F. Lewis
                                                 Case Manager